IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MERLON HINES #1389311 | § | |
| | § | |
| V. | § | A-20-CV-053-LY |
| | § | |
| W WISSER, STEPHANIE McFARLAND, | § | |
| and LORIE DAVIS[1] | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the the Texas Department of Criminal Justice - Correctional Institutions Division. In his civil-rights complaint Plaintiff challenges his state court conviction for aggravated sexual assault.[2] He alleges:

> The trial court re-instated a dismissed Penal Code for the same victim put it in the Judgment and Sentence sent it to TDCJ-ID records in Austin Texas on August 16, 2006. Judge Wisser Prosecutor Stephnie [sic] McFarland dismissed the Penal Code,

---

[1] Plaintiff misspells Defendant McFarland's first name and misidentifies Defendant Lorie Davis as Lois Davis. The Clerk of Court shall substitute Stephanie McFarland for the defendant previously identified as Stephnie McFarland and Lorie Davis for the defendant previously identified as Lois Davis.

[2] Plaintiff previously challenged his conviction in a federal application for habeas corpus relief in Cause No. A-13-CV-366-SS. The Court dismissed the application as time-barred on July 9, 2013.

Judge Wisser re-instated the dismissed Penal Code the Prosecutor knowingly put the Penal Code in the Judgment & Sentence it specifically says I was convicted for the dismissed re-instated Penal Code indicating an adult victim. TDCJ-ID records do not reflect the same information found on my Judgment and Sentence in 2019 someone within TDCJ-ID uncovering justice, unlawfully confined. No jurisdiction, over me.

Plaintiff sues Judge Wisser, Travis County Assistant District Attorney Stephanie McFarland, and TDCJ-CID Director Lorie Davis. He requests an evidentiary hearing, the appointment of counsel and $576,000.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether

a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

B. Judicial Immunity

Plaintiff's claims against Judge Wisser are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in

complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by Judge Wisser that were nonjudicial in nature nor does he show that he was acting in the clear absence of all jurisdiction. Accordingly, Judge Wisser is protected by absolute immunity.

    C.    <u>Prosecutorial Immunity</u>

Plaintiff's claims against Assistant District Attorney McFarland are barred by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

4

Not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493. In the case at hand, Plaintiff challenges actions or inactions taken by the prosecuting attorney during Plaintiff's criminal proceedings which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by Defendant McFarland were outside the course and scope of representing the District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Assistant District Attorney McFarland is protected by absolute immunity.

D.  Heck v. Humphrey

Plaintiff's claims seeking monetary damages are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to § 1983 prisoner suits in *Boyd*. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal writ of habeas corpus; the procedural history indicates just the opposite.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims seeking monetary relief against Defendants Wisser and McFarland be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and Plaintiff's remaining claims be dismissed without prejudice pursuant to *Heck*.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See*, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list and to the TDCJ - Office of the General Counsel.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 6th day of February, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE